UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ALLEN, JR., <br><br> Petitioner, <br><br> v. <br><br> B. GRADY, Acting Complex Warden, <br><br> Respondent. | NO. CV 21-9120-DSF (AGR) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE TO FILING A CIVIL RIGHTS ACTION |

For the reasons discussed below, the Court summarily dismisses the Petition for Writ of Habeas Corpus without prejudice to the filing of a civil rights action.

## I.

## **BACKGROUND**

Petitioner is a federal inmate serving a sentence imposed by the United States District Court for the Southern District of Iowa. (Dkt. No. 1 at 3 ("Petition").) On November 4, 2021, Petitioner constructively filed this Petition For Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. At the time he filed the Petition, he was incarcerated at the Federal Correctional Institution in Lompoc, California. (*Id.*) He is currently incarcerated in the United States Penitentiary Hazelton in West Virginia. (Dkt. No. 5.)

The Petition does not challenge Petitioner's conviction or sentence. (Petition at 3.) Instead, the Petition challenges prison conditions. Specifically, Petitioner complains about the correctional officers' refusal to make copies of his Petition and sign the declaration page of his IFP form. (*Id.* at 4-5.)

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts (Rule 4) is applicable to proceedings brought pursuant to section 2241. Rule 1(b) of the Rules Governing Section 2254 Cases. Rule 4 provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

A challenge of the fact or duration of confinement which, if successful, would result in immediate or speedier release falls within the "core" of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-500 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927-29 (9th Cir. 2016) (en banc). On the other hand, a civil rights action is "the exclusive vehicle for claims brought by [] prisoners that are not within the core of habeas corpus." *Id*.

Petitioner does not challenge his conviction, sentence, or the duration of his confinement. Instead, he challenges the allegedly unlawful conditions of his confinement. Accordingly, Petitioner's claims are not cognizable in federal habeas. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (federal prisoner asserting civil rights claims must file *Bivens* action rather than § 2241 petition); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

Petitioner may attempt to assert claims challenging conditions of

1 confinement through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

A federal court has the authority to construe a habeas corpus petition as a civil rights complaint under certain circumstances. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971) (per curiam); *Nettles*, 830 F.3d at 936 (district court may construe a petition for habeas corpus as a civil rights action after notifying and obtaining informed consent from the prisoner). However, the Court declines to do so here for the following reasons.

First, it is unclear whether the Petition names the correct defendants. The Petition names the Warden as the sole respondent. However, the bulk of Petitioner's complains concern the conduct of various prison staff. (Petition at 4-5.) It is not clear what role, if any, the named respondent had in connection with the rest of the conduct of which Petitioner's complains. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) ("To state a claim for relief under *Bivens*, a plaintiff must allege that a federal officer deprived him of his constitutional rights."); *see also Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (holding that "respondeat superior is inapplicable to *Bivens* actions").

Second, Petitioner failed to specify the capacity in which the named respondent(s) would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity. *See Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) ("By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action.")

Third, the various differences in the procedures undertaken in habeas proceedings and civil rights actions, including the amount of filing fees and the potential restrictions on future filings, further counsel against converting the Petition into a *Bivens* civil rights complaint. *See, e.g.*, *Nunez v. Pliler*, 2020 WL 5880461, at *2 (C.D. Cal. Oct. 1, 2020) (conversion of habeas corpus petition into a *Bivens* complaint inappropriate where petition did not name correct prison

3

officials and considering significant difference in procedural requirements between habeas corpus and civil rights actions); *Rockett v. Lepe*, 2020 WL 4003585, at *1-2 (E.D. Cal. July 15, 2020) (same). The Court therefore will dismiss the habeas action without prejudice to Petitioner's ability to file a separate civil rights action under *Bivens*.

If Petitioner chooses to file a civil rights action, he is advised that he must either (1) pay the filing fee of $350 plus a $50 administrative fee for a total of $400; or (2) file a Request to Proceed Without Prepayment of Filing Fees with Declaration in Support ("IFP Request").

If his IFP Request is granted, he will be obligated to pay the filing fee of $350 even if his complaint is unsuccessful. The Clerk is directed to send to Petitioner a prisoner civil rights complaint with forms, instructions and further information. In summary, the Court would assess an initial partial filing fee equal to 20% of the average monthly deposits to his prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in his prison account for that same six month period, whichever is greater. The Court would order the prison to take that initial partial filing fee out of his prison account and forward the money to the Clerk of Court. He would owe the balance of the $350 filing fee. Until the balance is paid in full, he will owe monthly payments as described in the instructions that the Clerk will forward to Petitioner.

The IFP Request requires that Petitioner complete the Prisoner Authorization and have a prison official complete the Certification Section on the Declaration and attach a certified copy of his prison trust account statement for the six months immediately preceding the filing of the complaint.

## III.
## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice to Petitioner's ability to file a separate civil rights action. All pending motions are denied as moot. The Clerk is directed to send a federal prisoner civil rights packet to Petitioner.

DATED: May 13, 2022

_____
DALE S. FISCHER
United States District Judge